NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE CASTILLA-FLORIAN,

          Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-72720

Agency No. A205-024-703

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,[***] District
Judge.

    Jose Castilla-Florian ("Castilla-Florian"), a native and citizen of Peru who

operated an independent newspaper in that country, petitions for review of the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the agency's factual findings for substantial evidence, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009), and apply the standards governing adverse credibility determinations created by the REAL ID Act. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Therefore, we cannot reverse the agency's factual findings unless the evidence not only supports a contrary conclusion, "but compels it." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

1.      Castilla-Florian argues the BIA erred in upholding the IJ's determination that his testimony was not credible.

The IJ, and in turn the BIA, properly based the adverse credibility determination on the totality of the circumstances, including several inconsistencies in Castilla-Florian's testimony, which is permissible under the REAL ID Act. *Alam*, 11 F.4th at 1137; *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Given the number and significance of the inconsistencies in his testimony, it was reasonable for the agency to conclude that Castilla-Florian lacked credibility. *See, e.g.*, *Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020);

2

*Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). The aggregate effect of Castilla-Florian's inconsistencies was the presentation of a stronger claim for relief in his oral testimony than in his written materials, which supports an adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011). Further, Castilla-Florian was given opportunities to explain the inconsistencies and his explanations were not persuasive, which also weighs in favor of the adverse credibility finding. *Mukulumbutu*, 977 F.3d at 926–27. The record does not compel the conclusion that Castilla-Florian's testimony was credible.

2.    Castilla-Florian argues the agency erred in rejecting his withholding of removal claim. Because of the adverse credibility determination, the agency was left to weigh Castilla-Florian's eligibility for withholding of removal based on the remaining evidence in the record. *See, e.g.*, *Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014); *Shrestha*, 590 F.3d at 1048.

The BIA reasonably concluded that Castilla-Florian's independent evidence did not demonstrate that the harm he suffered was "because of" his "race, religion, nationality, membership in a particular social group, or political opinion." *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017); *Shrestha*, 590 F.3d at 1039. The BIA also reasonably construed the country conditions evidence in deciding that this evidence—which indicates there are ongoing issues with

3

freedom of the press and the treatment of journalists in Peru—did not, on its own, establish a sufficient likelihood of persecution. *Cf. Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008). The record, denuded of Castilla-Florian's discredited testimony, does not compel the conclusion that Castilla-Florian met his burden to show he was entitled to withholding of removal.

3. Castilla-Florian also argues that the BIA erred in affirming the IJ's denial of CAT relief. As with his withholding claim, Castilla-Florian's CAT claim could rely only on the independent documentary evidence in light of the adverse credibility determination. *See Wang*, 861 F.3d at 1009.

The BIA reasonably concluded that Castilla-Florian's documentary evidence, standing alone, was insufficient to meet his burden to show a likelihood of torture if he were returned to Peru. Castilla-Florian does not argue that this evidence would be sufficient for CAT relief; instead, he contends that this evidence, alongside his testimony, suffices. Castilla-Florian therefore effectively concedes that in the absence of his testimony he cannot demonstrate CAT entitlement. Further, the agency reasonably determined that the independent evidence did not demonstrate a likelihood of torture because the past harm Castilla-Florian suffered would not meet the CAT's definition of torture, his argument that torture would more likely than not occur in the future was speculative, and Castilla-Florian failed to demonstrate an individualized risk of

torture.  *Cf. Mukulumbutu*, 977 F.3d at 928; *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION DENIED.**